## In re SCHONK.

### No. 10632.

United States District Court.
M. D. Pennsylvania.

Oct. 18, 1950.

Johnston & Pope, Boyle & McCormick, John W. McCormick, and John F. Boyle, all of Wilkes-Barre, Pa., for Edmund Stabinski, trustee.

John L. McDonald, James Hiscox, Herbert L. Winkler, all of Wilkes-Barre, Pa., for unsecured creditors.

WATSON, Chief Judge.

On June 12, 1950, Edmund Stabinski, Trustee of the above-named Bankrupt, filed a Petition with Albert H. Aston, Referee in Bankruptcy, to whom these proceedings were referred, praying approval of the acceptance of compromise and settlement of certain alleged claims for preferential payments made to Standard Auto Credit Company of Wilkes-Barre, Pennsylvania, upon payment by said Standard Auto Credit Company to said Trustee of the sum of $5,000.00 in cash. Hearing was duly held before said Referee after due notice to creditors and other parties in interest. After the hearing aforesaid, said Referee on June 28, 1950, entered an Order granting the prayer of said Petition and authorizing the said Trustee to compromise and settle the claims aforesaid in accordance with the prayer of said Petition. Petition for Review of said Order was filed by Francis Wolliver, Vincent Novinski, William Novinski and Charles Basgier, who have alleged claims against said Bankrupt as unsecured creditors in the amount of $26,-

490

825.00, out of a total of alleged claims against said Bankrupt in the amount of $72,218.39. Said Referee filed a Certificate on Review in this Court setting forth the Findings of Fact and Conclusions of Law on which his Order of June 28, 1950, was based. On October 2, 1950, hearing was held by this Court on the Certificate on Review.

In the midst of his examination, the Bankrupt disappeared and his whereabouts are unknown. It is doubtful whether the Trustee could prove that the Bankrupt was insolvent at the time the payments were made. A jury might find that the Bankrupt was not insolvent. It is reasonable to believe that on a trial, the jury might conclude that the Bankrupt was insolvent, but that at the time the payments were made, the Standard Auto Credit Company did not know or have reason to believe that the Bankrupt was insolvent at the time the payments were received.

The sum of $5,000.00 represents more than forty per cent of the maximum amount which might be recovered. The counsel for the Trustee and the Trustee himself, both competent, experienced men, state that in their judgment the proposed settlement is fair and reasonable and recommend its approval.

It is the opinion of this Court that under all the circumstances involved here the proposed compromise and settlement were properly approved by the Referee.

Now, October 18, 1950, it is ordered that:

1. The Findings of Fact and Conclusions of Law of Albert H. Aston, Referee in Bankruptcy, be, and they are hereby adopted as the Findings of Fact and Conclusions of Law of this Court.

2. The prayer of said Petition be, and it is hereby granted, and that said Edmund Stabinski, Trustee, be, and he is hereby authorized to compromise and settle the claims referred to in the Petition filed by him on June 12, 1950, upon the payment to him by Standard Auto Credit Company of Wilkes-Barre, Pennsylvania, of the sum of $5,000.00 in cash.